NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Argued September 12, 2019
Decided October 1, 2019

### Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 18-1738 | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| DION THOMAS, *Plaintiff-Appellant,* | |
| *v.* | No. 1:16-CV-112 |
| BURNHAM TRUCKING COMPANY, INC., *Defendant-Appellee.* | William C. Lee, *Judge*. |

### Order

Dion Thomas, a truck driver employed by PTO Services, Inc., alleges that he was injured on February 26, 2014, when equipment furnished to PTO by Burnham Trucking Co. failed to operate properly. The suit began in state court and was removed under the diversity jurisdiction. The district court granted summary judgment to Burnham, ruling that PTO acted as an independent contractor for Burnham, which therefore did not owe Thomas a duty of care under Indiana law. 2018 U.S. Dist. LEXIS 39536 (N.D. Ind. Mar. 12, 2018). Thomas was entitled to workers' compensation payments from PTO, the judge concluded, not to recovery in tort from a firm that hired PTO to provide transportation services.

At the oral argument of this appeal, we asked the parties to file supplemental briefs addressing subject-matter jurisdiction. Thomas, a citizen of Indiana, alleged that Burnham, which was incorporated in Delaware, had its principal place of business—indeed, its sole employee—in Indiana. If that's so, jurisdiction is missing because citizens of Indiana are on both sides of the case. But Burnham asserted that its principal place of business was in Chicago. If that's so, then Burnham's two corporate citizenships were Delaware and Illinois, so that the parties are of diverse citizenship. 28 U.S.C. §1332(c)(1). We use the past tense deliberately, because Burnham ended its operations before this suit was filed.

Burnham's supplemental filing tells us that it has not been an operational entity and has not had any employees since May 31, 2015. By then, Burnham asserts, it was an indirect subsidiary of ArcelorMittal USA, LLC, but its corporate existence continued. Its only possible principal place of business on February 25, 2016, when the suit was filed, and March 31, 2016, when it was removed, was Chicago, where ArcelorMittal manages its subsidiaries. A corporation's principal place of business is its headquarters, see *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), and Chicago must have been Burnham's headquarters in early 2016, since it had no other place of business.

On December 2, 2016, Burnham merged into ArcelorMittal and ceased to have a separate existence. It might have been appropriate to substitute ArcelorMittal as the real party in interest, but as none of the litigants has asked for that step we shall resolve the appeal in Burnham's name. See Fed. R. Civ. P. 25(c); *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993). Jurisdiction depends on the state of affairs when a suit begins, so it is not necessary to explore whether ArcelorMittal is a citizen of Indiana.

Jurisdictional allegations may be amended on appeal. 28 U.S.C. §1653. We deem Burnham's post-argument memorandum as an amendment to its notice of removal. None of the facts it alleges is contested, so a remand is unnecessary.

On the merits, we agree with the district court's assessment, which need not be repeated. And Thomas could not gain even if the district court were wrong and he should be treated as an employee (or at least an agent) of Burnham. For then Burnham would be his employer, and recovery in tort would be forbidden by the state's Workers' Compensation Act. See Ind. Code §22-3-2-6; *Nickels v. Bryant*, 839 N.E.2d 1211, 1215 (Ind. App. 2005) ("even where an employee has multiple employers, the Act remains the employee's exclusive remedy"). Thomas has received a workers'-compensation remedy through PTO; he cannot get another through Burnham.

AFFIRMED